CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5066
    FAX: (408) 535-5080
    jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CADE SUBLET,<br><br>    Defendant. | Case No. CR 21-00189 HSG<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Sentencing Date:   March 4, 2026<br>Time:           2:00 p.m. |

## I.    INTRODUCTION

Plaintiff United States of America, by and through its undersigned counsel, hereby submits its position regarding the sentencing of the defendant, Cade SUBLET ("SUBLET"). The government's position is based on its investigation, the Pre-Plea Presentence Report (PSR), the files and records of this case, and any arguments or testimony to be presented at the sentencing hearing. In sum, because SUBLET successfully completed CAP, the government makes no sentencing recommendation in this case.

The plea agreement provides that the parties agree that the base offense level in this case is 24, pursuant to U.S.S.G. §2D1.1(a)(5) and (c)(4). Plea Agreement at ¶ 7. With a three-level deduction for acceptance of responsibility, the parties agree the adjusted offense level is 21. *Id*. With a total offense

level of 21 and a criminal history category of VI, the applicable Guidelines range is 77-96 months. Although Probation's Guidelines calculations include a 2-level increase pursuant to U.S.S.G. §2D1.1(b)(1) for possession of a firearm (PSR ¶ 28), the parties did not contemplate that increase in the Plea Agreement and the government is not arguing for such an increase at sentencing.

## II.    FACTS

On April 30, 2020, at approximately 12:30 p.m., San Jose Police Department SJPD Street Crimes Unit Officers and Burglary Prevention Unit Officers were on surveillance near an apartment complex in San Jose, California. Officers had previously received a "Crimestoppers Tip" that co-defendant Michelle Grieb lived at the residence and had outstanding warrants.  The tip also stated Cade SUBLET ("SUBLET") was on Post Release Community Supervision (PRCS), and that Grieb and SUBLET lived at the residence together and were dealing narcotics from the residence.

Officers observed SUBLET's vehicle pulling into the driveway of the apartment complex. SUBLET and a female exited the vehicle and walked into Apartment #3.

Officers approached Apartment #3 and knocked on the front door to announce themselves. Officers heard movement inside the residence and observed a large dog barking and scratching at the door.  Officers knocked on the door numerous times, but nobody answered the door. After approximately three minutes, the dog stopped barking and movement was no longer heard inside the house.

Officers threw two rocks at the front glass windows.  After the second rock, the glass broke, and officers heard the occupants yell "okay, okay, we're coming out."

Approximately five minutes from the time officers knocked and announced at the front door, SUBLET opened the door to the residence and walked out of the residence.  A few seconds later, Grieb and a teenager (later identified as Grieb's daughter) walked out of the residence.  SUBLET and Grieb were placed in handcuffs.

Officers conducted a search of SUBLET's person and located a large bag of a crystal-like substance inside his right front pants pocket. The officer believed the crystal-like substance to be methamphetamine (approximately 25 g).

Officers entered the residence and performed a probation search.  Officers located, among other

things, two (2) additional bags of suspected methamphetamine, one bag of suspected heroin, and a plastic tube containing suspected ecstasy.

## III.   The Government's Guidelines Calculations.

The government calculates defendant's Guidelines range as follows:

a.   Base Offense Level, U.S.S.G. § § 2D1.1(c)(4):                                         24
     (At least 50 G but less than 200 G of methamphetamine)

b.   Acceptance of Responsibility:                                                         -3
     If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a
     three-level reduction for acceptance of responsibility, provided that I
     forthrightly admit my guilt, cooperate with the Court and the Probation
     Office in any presentence investigation ordered by the Court, and continue
     to manifest an acceptance of responsibility through and including the time
     of sentencing.

c.   Adjusted Offense Level:                                                               21

Because the defendant has a criminal history category of VI, his Guidelines range is 77-96 months.  As stated above, although Probation's Guidelines calculations include a 2-level increase pursuant to U.S.S.G. §2D1.1(b)(1) for possession of a firearm, the parties did not contemplate that increase in the Plea Agreement and the government is not arguing for such an increase at sentencing.

## IV.   The Government Makes no Sentencing Recommendation in this Case.

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence.  The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, id. § 3553(a)(2)(B), the need to protect the public from further crimes of the defendant, id. § 3553(a)(2)(C), and the need to provide the defendant with needed medical care or other treatment.  Id. § 3553(a)(2)(D).

The government does have concerns about deterrence and the need to protect the public from further crimes committed by the defendant.  SUBLET has an extensive criminal history including convictions for, among other things, carrying a concealed weapon in vehicle, possession of a controlled substance, receiving stolen property, false personation of another, under the influence of a controlled substance, vandalism, stalking, and felon in possession of a firearm.  *See* PSR ¶¶ 39-55.  Furthermore, until the last two years, SUBLET performed extremely poorly while under supervision.  *See id.* at ¶¶ 7-

GOV'T SENTENCING MEMO.                                3
CR 21-00189 HSG

15.

The government acknowledges SUBLET's severe addiction to drugs that began following his father's death in 2019.  PSR ¶ 67.  The government is encouraged by his more recent productive efforts towards sobriety and gainful employment.  *See id.* at ¶¶ 16, 80. Moreover, SUBLET successfully CAP on February 2, 2026, and did not have any violations while in the program.  *See id.* at ¶¶ 16.  The government also acknowledges Probation's opinion that SUBLET's "progress over the last year has demonstrated an extraordinary post-rehabilitation effort."  Probation Sentencing Recommendation at p. 2.  SUBLET remaining clean, sober and employed is as important as anything in protecting the public from future crimes committed by the defendant.  Hopefully, the five-year term of supervised release recommended by Probation will assist with those efforts.

**V.      Conclusion**

Because SUBLET successfully completed CAP, the government makes no sentencing recommendation in this case.

DATED: February 25, 2026                              Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*Jeffrey A. Backhus*

JEFFREY A. BACKHUS
Assistant United States Attorney

GOV'T SENTENCING MEMO.                        4
CR 21-00189 HSG